IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | § | NO. 1:16-CR-00024-DAE |
| | § | |
| Plaintiff, | § | |
| | § | |
| vs. | § | |
| | § | |
| MARTY ANTHONY LOPEZ, | § | |
| | § | |
| Defendant. | § | |
| _____ | § | |

ORDER (1) ADOPTING REPORT AND RECOMMENDATION, (2) DISMISSING WITH PREJUDICE MOTION TO VACATE, SET ASIDE, OR CORRECT SENTENCE UNDER 28 U.S.C. § 2255, and (3) DENYING CERTIFICATE OF APPEALABILITY

Before the Court is a Report and Recommendation (the "Report" or "Recommendation") on Petitioner Michael Lopez's ("Lopez") Motion to Vacate, Set Aside, or Correct Sentence Pursuant to 28 U.S.C. § 2255 (Dkt. # 700), filed by United States Magistrate Judge Mark Lane. (Dkt. # 710.) No objections to the report were filed. After reviewing the Report, the Court **ADOPTS** Judge Lane's recommendations, the Court **DISMISSES WITH PREJUDICE** Lopez's § 2255 Motion to Vacate, Set Aside, or Correct Sentence (Dkt. # 700) and **DENIES** Lopez a Certificate of Appealability.

1

## BACKGROUND

On February 2, 2016, Petitioner Marty Lopez was named in an indictment charging him with conspiracy to Possess with intent to distribute and distribution of methamphetamine. (Dkt. # 55.) Pursuant to a plea agreement, he pleaded guilty to the indictment. (Dkts. # 283; 336.) On November 22, 2016, Lopez was sentenced to 151 months of imprisonment. (Dkt. # 522.) Lopez did not appeal. (Dkt. # 710 at 2.) His judgement became final no later than December 7, 2016. See Clay v. United States, 537 U.S. 522, 525 (2003) (holding that a judgement becomes final when the applicable period for seeking review of a final conviction expires); accord United States v. Gamble, 208 F.3d 536, 536–37 (5th Cir. 2000).

Lopez placed his § 2255 Motion to Vacate, Set Aside, or Correct Sentence (Dkt. # 700.) in the prison mailing system on January 19, 2023.

Judge Lane filed the instant written report on July 27, 2023. (Dkt. # 710). Lopez did not file any objections.

## DISCUSSION

Where, as here, none of the parties objected to the Magistrate Judge's findings, the Court reviews the Report for clear error. United States v. Wilson, 864 F.2d 1219, 1221 (5th Cir. 1989). After careful consideration, the Court finds no

clear error in Judge Lane's recommendation.  As a result, this Court adopts Judge's Lane's recommendation.

Judge Lane did not err when concluding that Lopez's Motion is time barred.  The Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA") establishes a one-year limitation period to file § 2255 motions.  28 U.S.C. § 2255(f).  Judge Lane correctly found that Lopez filed his Section 2255 motion more than a year after his conviction became final.  (Dkt. # 710 at 3.)  As a result, Lopez's claim is time barred. The Court thus adopts Judge Lane's recommendation to dismiss Lopez's § 2255 Motion.  (Dkt. # 700.)

## CERTIFICATE OF APPEALABILITY

A Certificate of Appealability may only be issued if a movant "has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c).  A movant is required to show that reasonable jurists could debate whether the issues could have been resolved differently or are "adequate to deserve encouragement to proceed further."  Slack v. McDaniel, 529 U.S. 473, 483 (2000).  Here, Lopez has made no such showing.  Reasonable jurists could not debate whether these issues could have been resolved differently.  Lopez's motion is time-barred.  Accordingly, the Court **DENIES** Lopez a Certificate of Appealability.

CONCLUSION

For the reasons given, the Court **ADOPTS** the Magistrate Judge's Report and Recommendation (Dkt. # 710) as the opinion of the Court. Accordingly, the Court **DISMISSES WITH PREJUDICE** Lopez's § 2255 Motion to Vacate, Set Aside, or Correct Sentence. (Dkt. # 700.) The Court **DENIES** a certificate of appealability in this case.

**IT IS SO ORDERED.**

**DATE:** November 28, 2023.

_____
Hon. David Alan Ezra
Senior U.S. District Judge